UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANA ROSS,

             Plaintiff,

       v.

ADA COUNTY, a governmental entity,
and its governmental sub-unit, the Ada
County Sheriff's Office,

            Defendant.

Case No. 1:09-CV-657-CWD

**MEMORANDUM DECISION AND
ORDER**

## INTRODUCTION

Plaintiff Dana Ross, a former Ada County Deputy Sheriff, brings this employment

action asserting he and others similarly situated were discriminated against on the basis of

age, and that he was further discriminated against on account of his disability. Ross

claims he was discharged from employment in retaliation for complaining about the

discriminatory treatment. Ada County brings several motions taken together that argue

Ross, while he may bring his own individual claims, is precluded from asserting a

collective action claim.

The Court conducted a hearing on June 28, 2010, on Defendant Ada County's Motion to Dismiss and two Motions to Strike (Dkt. 7, 8, 30), and Ross's Motion to Amend Complaint (Dkt. 22). After the Court issued its Notice of Hearing on these motions, Ross on June 18, 2010, filed a Motion for Leave to File Restated Amended Complaint. (Dkt. 35.) The proposed Restated Amended Complaint is identical to the proposed Amended Complaint (Dkt. 22), with the exception of additional claims relating to a second Plaintiff, Curtis Egge, who also alleges discrimination both individually and on behalf of others similarly situated.

Although Ada County filed its Motion to Dismiss in response to the collective action claims Ross asserted in the Complaint, Ross continues to assert collective action claims, along with his individual claims, in the proposed Restated Amended Complaint. Therefore, the Court considers Ada County's arguments that Ross's collective action claims should be dismissed equally applicable to Ross's collective action claims in the proposed Restated Amended Complaint.

In addition, the Court stated at the hearing its intent to consider Plaintiff's motion to file the proposed Restated Amended Complaint without a further hearing. The Court directed the parties to address whether Egge could be added as a plaintiff under Fed. R. Civ. P. 15, and whether Ross, if he could not assert collective action claims, could opt-in to Egge's collective action claims. On June 29, 2010, Ada County filed a response brief to the motion to file the proposed Restated Amended Complaint. Ross chose not to file a reply brief by the deadline of July 16, 2010. The matter is now ripe for review.

After considering the briefs, oral argument, and relevant authorities, the Court has identified the following disputed issues: (1) whether Ross's collective action claims asserted in the Complaint must be dismissed, thereby precluding Ross from continuing to assert such claims in the proposed Restated Amended Complaint; (2) whether the proposed Restated Amended Complaint can join Egge as a plaintiff; and (3) if Ross cannot assert collective action claims, whether Ross may "opt-in" to Egge's collective action claims. The Court has concluded Ross may file an amended complaint with both he and Egge as plaintiffs asserting their respective individual claims. But while Egge may assert a collective action claim, Ross may not join or otherwise opt-in to that claim. The Court's decision follows.

## BACKGROUND

### 1. Procedural Background

Ross filed his Complaint on December 17, 2009, seeking injunctive, declaratory, and class-wide relief against Defendants Ada County and its governmental sub-unit, the Ada County Sheriff's Office, Gary Raney in his official capacity as Ada County Sheriff, and the State of Idaho, Idaho State Police. Ross claims he was wrongfully discharged from his employment with the Ada County Sheriff's Office because of his age and on account of a disability, which has left him unable to hear from one ear. On February 24, 2010, Ross filed a notice of voluntary dismissal of the claims against Defendants State of Idaho, Idaho State Police, and Gary Raney contained in Counts III (equal protection claim) and IV (declaratory relief claim) of the Complaint.

In the Complaint and proposed Restated Amended Complaint against the sole

remaining defendant, Ada County,[1] Ross alleges age discrimination under the Age

Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and retaliatory discharge

on account of age and disability discrimination under the Americans With Disabilities

Act, 42 U.S.C. § 12117(a) ("ADA"), while Egge alleges he was terminated in violation of

the ADEA. (Compl. ¶. Counts I, II, Dkt. 1; Proposed Restated Am. Compl. ¶. Counts II,

III, Dkt. 35-1.) Ross and Egge bring their respective collective action claims in Count I

under the ADEA on behalf of themselves and any other persons similarly situated who

might opt into this action. (Compl. ¶. ¶ 5; Proposed Restated Am. Compl. ¶. Count I, Dkt.

35-1.)

### 2. Factual Background[2]

Ross was employed as an Ada County Sheriff's deputy from March of 1989 until

his employment was terminated on or about December 14, 2006. (Compl. ¶. ¶¶ 1, 8, 13,

Dkt. 1; Gary Raney Aff. ¶ 3, Dkt. 7-2.) According to Ada County, in September of 2006,

while on duty, Ross "became agitated at a 12-year-old child and struck the child in the

face inside the child's home and in front of his parents and his younger sibling." (Gary

---

[1] The Ada County Sheriff's Office, although named in the case caption, is sued in its capacity as a governmental sub-unit of Defendant Ada County.

[2] The factual background recited below, although at issue in the Complaint and the proposed Restated Amended Complaint, is not before the Court by virtue of Ada County's Motion to Dismiss, which seeks to dismiss only Ross's collective action claims. The Court presents the factual background solely for context. To the extent Ross objects to the admissibility of the factual statements set forth in Sheriff Raney's affidavit, the Court makes no findings, as it did not rely upon them for the purposes of deciding the pending motions.

Raney Aff. ¶ 4.) The boy's parents complained about Ross's conduct to the Ada County

Sheriff's Office. (*Id.*) As a result of an investigation, the Ada County Sheriff's Office

determined that Ross had struck the boy, and that Ross's use of force was unjustified in

violation of Ada County Sheriff's Office policies. (*Id.* at ¶ 5.) Thereafter, the Ada County

Sheriff's Office terminated Ross's employment. (*Id.* at ¶ 6.)

In the Complaint, Ross alleges that he was not terminated for cause, but that he

and other older employees were discriminated against by the Ada County Sheriff's

Office, and that Ada County retaliated against him for asserting his rights under the

ADEA and ADA. Ross contends that, beginning in April of 2004, he was subjected to a

constant barrage of disparaging remarks regarding his age and regarding his disability.

(Compl. ¶. ¶ 19–23.) Ross asserts that after he brought such disparaging remarks to his

superiors' attention, he was subjected to "unusually close scrutiny of his job

performance," and thereafter his employment was terminated while younger employees

were not disciplined for the same type of conduct. (Compl. ¶. ¶ 23–24.) Ross makes the

same factual and legal claims in the proposed Restated Amended Complaint. (Dkt. 35-1.)

### 3. Ross's Formal Charges of Discrimination

Before his employment was terminated, Ross filed formal charges with the Idaho

Human Rights Commission ("IHRC") and the Equal Employment Opportunity

Commission ("EEOC"), and again filed a formal charge after his discharge from

employment. The content of those notices are the subject of Ada County's Motion to

Dismiss. Turning now to the charges Ross filed with the IHRC and the EEOC, there does

not appear to be any dispute about the following facts.[3]

On or about November 7, 2005, Ross filed a Charge of Discrimination with the IHRC alleging discrimination on the basis of age and disability during a period between April 28, 2004 and November 2, 2005 ("2005 Charge"). (Compl. ¶. ¶ 25; Proposed Restated Am. Compl. ¶. Ex. 1, Dkt. 35-1.) The IHRC identified the Charge as File Number 380-2006-00090. The 2005 Charge was forwarded to the EEOC and similarly identified as File Number 380-2006-00090. (Aff. of Petty Ex. A, Dkt. 23-1.) On or about November 9, 2005, the EEOC issued a Notice of Charge of Discrimination to Ada County. (*Id.*). On or about January 4, 2006, Ross amended the 2005 Charge to allege that he was filing his charges of discrimination on behalf of himself and others similarly situated ("Amended 2005 Charge"). (Compl. ¶. ¶ 26; Proposed Restated Am. Compl. ¶. ¶ 26; Aff. of Thomas Ex. A, Dkt. 20-1; Aff. of Petty Ex. A, Dkt. 23-1.) On January 10, 2006, the EEOC issued to Ada County a Notice of Charge of Discrimination attaching the Amended 2005 Charge, thereby notifying Ada County of the collective nature of Ross's claims. (Aff. of Petty Ex. B, Dkt. 23-1.)

The Amended 2005 Charge set forth that Ross, beginning on or about April 28, 2004, and continuing through the present, was:

> subjected to a series of actions, that have created a hostile work environment. These actions include unusually close scrutiny of my job performance, the imposition of higher

---

[3] The exhibits discussed herein were attached to various pleadings submitted by both parties in no particular order. Neither party objected to the Court's consideration of the documents discussed in this opinion, unless otherwise noted.

standards of performance, the issuance of inconsistent instructions and feedback and the award of a smaller than average pay increase. Disparaging remarks have been made to me and about me concerning my disability. Management officials stated before witnesses that Patrol Deputies should be 35 years of age or younger. I have complained to officials of the Sheriff's Office about discrimination based on age and disability, but the harassing behavior toward me continues.

The Amended 2005 Charge conspicuously stated that Ross was "filing this charge on behalf of [himself] and other similarly situated employees who work for the Ada County Sheriff's Office." The Amended 2005 Charge concluded with Ross's allegations that he believed he was being discriminated against because of his age in violation of the ADEA and because of his disability in violation of the ADA, as well as subjected to retaliation for his complaints about such matters to his supervisors.

At the conclusion of its investigation on May 22, 2006, the EEOC provided Ross with its Notice of Dismissal and Notice of Rights regarding Charge File No. 380-2006-00090 as amended. (Aff. of Petty Ex. C, Dkt. 23-1.) The Notice of Dismissal indicated that the EEOC was unable to conclude the information Ross provided established a violation of either the ADA or the ADEA as Ross alleged. (*Id.*) The Notice informed Ross that he had 90 days from the date of receipt of the Notice within which to sue his employer. There is no evidence that Ross filed suit against Ada County within the 90 day period.

After Ross's employment was terminated, Ross filed a second Charge of Discrimination with the IHRC (the "2007 Charge") on or about March 19, 2007, which

alleged Ross had been subject to discrimination by his employer between November 2, 2005 and December 11, 2006.[4] (Aff. of Raney Ex. A, Dkt. 7; Aff. of Petty Ex. D, Dkt. 23-1.) The 2007 Charge was identified as File Number 551-2007-00841, and does not allege that Ross was filing his charge of discrimination on behalf of himself and others similarly situated. On March 22, 2007, the EEOC issued a Notice of Charge of Discrimination to Ada County, attaching the 2007 Charge. (*Id.*)

The 2007 Charge states that Ross, while employed as a Deputy with the Ada County Sheriff's Office:

> filed a charge of Discrimination against the Sheriff's Office with the EEOC [in November of 2005]. Following my filing of that Charge, I was transferred involuntarily and outside normal procedure to an assignment that I considered to be undesirable. Contrary to regular practice, I was issued two performance evaluations, both of which were unfair and negative. I was denied an annual pay increase. On December 11, 2006, I was discharged from employment.

The 2007 Charge concludes that Ross believed the above facts constituted discrimination in violation of the ADEA and ADA, and that he was subjected to retaliation for opposing such discrimination.

On or about January 9, 2009, Ross received a Determination Letter from the EEOC based upon the 2007 Charge, finding reasonable cause to believe Ross was discriminated against in violation of the ADEA on the basis of age and was subjected to retaliation in violation of the ADEA and ADA. (Compl. ¶. Ex. A, Dkt. 1-1.) The IHRC

---

[4] The period of discrimination in the 2007 Charge does not overlap any period of discrimination alleged in the Amended 2005 Charge.

sent a Notice of Right to Sue Letter on January 20, 2009, notifying Ross that he had 90 days from the date of the notice to sue his employer under the Idaho Human Rights Act. (Aff. of Mallet Ex. A, Dkt. 7-3.) According to the record, Ross took no action within the 90 day period.

On or about September 30, 2009, the EEOC sent to Ross a Notice of Right To Sue letter based upon the 2007 Charge, notifying him he had ninety days from the date of the Notice within which to commence a civil action under the ADA and ADEA. (Compl. ¶. Ex. B.) Ross filed the Complaint in this matter on December 17, 2009. (Dkt. 1.)

## 4. Egge's Charge of Discrimination

Curtis Egge was a commissioned Deputy Sheriff who began employment with Ada County on October 5, 1992, and was discharged from his employment on December 15, 2009. He filed a charge with the EEOC on April 2, 2010, alleging that between approximately August of 2008 and up until his termination from employment in December of 2009, he was subjected to discriminatory treatment on account of his age ("Egge Charge"). (Pl.'s Mot. Ex. F, Dkt. 35-1.) Egge complained that his termination from employment was based upon a minor policy infraction and false accusations, while younger workers who committed equally egregious or more serious infractions were not disciplined with the loss of their jobs. Egge contends that the Ada County Sheriff's Office administration had a policy of discrimination whereby, as employees aged, they would receive consistently poor performance reviews, unattractive job transfers, and be accused of fabricated policy infractions to support termination of their employment. (Pl. Mot. Ex.

F, Dkt. 35-1.) In the Egge Charge, Egge conspicuously states he is claiming age bias not only on behalf of himself, but "on behalf of all other current and former employees similarly mistreated and/or situated." (*Id.*)

## DISPOSITION

### 1. Ada County's Motion to Strike (Dkt. 8)

On February 10, 2010, Ada County filed a motion to strike under Fed. R. Civ. P. 12(f) all references in the Complaint to Ross's collective action/class action claims, all state law claims, the constitutional claims brought pursuant to 42 U.S.C. § 1983, claims brought under the Idaho Human Rights Act, Idaho Code § 67-5901, claims brought against Defendant Raney, and Counts III and IV of the Complaint. Under Fed. R. Civ. P. 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are, however, generally disfavored and rarely granted. *See Tonka Corp. v. Rose Art Industries*, 836 F.Supp. 200, 217 (D.N.J., 1993); *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D.Cal.1990), *abrogated on other grounds, Stanton Road Assocs. v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir.1993).

Ada County also filed a motion to dismiss with a brief identical to and containing the same arguments as in the one filed in support of its Motion to Strike. (Dkt. 7.) Ross clearly conceded several claims, filing a Notice of Dismissal on February 24, 2010, dismissing Defendant Raney, all claims raised in Counts III and IV of the Complaint, the

state law and § 1983 claims, and encompassing the issues raised by Ada County in Sections C through E of its briefs. (Pl.'s Response at 19, Dkt. 19). Ross's proposed Amended Complaint (Dkt. 22-1) and the proposed Restated Amended Complaint (Dkt. 35-1) do not include the aforementioned dismissed claims and parties, but do assert collective claims on behalf of Ross and now Egge.

During oral argument, Ada County acknowledged that Ross voluntarily dismissed the state law and § 1983 claims raised in Counts III and IV of the Complaint as well as Defendants Gary Raney and the State of Idaho, Idaho State Police. However, Ada County requested the Court order the dismissal to be with prejudice. The Court declines to do so.

Under Fed. R. Civ. P. 41(a)(1)(A)(I), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(B) states that a voluntary dismissal under Rule 41(a)(1)(A)(I) is without prejudice. *Kugler v. Bohus*, No. 4:08-cv-151-EJL-CWD, Dkt. 25 at 6 (Dist. Idaho Sept. 15, 2009) (Mem. Decision and Order).

In this case, no Defendant filed an answer, instead filing motions to dismiss. (Dkt. 6, 7.) The Notice of Dismissal was therefore filed pursuant to Rule 41(a)(1)(A)(I). Accordingly, the dismissal does not require a court order, and the dismissal is without prejudice under Rule 41(a)(1)(B). The Court is without authority to order otherwise under the Rule.

Based upon the above, the Motion to Strike will be denied as moot, and the

remaining issue raised by the Motion to Strike concerning Ross's collective action claim[5] will be decided in the context of Ada County's Motion to Dismiss.

## 2. Motion to Dismiss (Dkt. 7)

### A. Motion to Dismiss Standards

#### (1) *Rule 12(b)(6)*

Ada County moves to dismiss under Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly* with approval).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

[5] Ada County also moved to strike and to dismiss the Complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. However, in the midst of the briefing, Ross asserts he cured his previously defective service upon Ada County by timely delivering a copy of the summons and complaint to Christopher Rich, Chief Deputy, Ada County Clerk. In its reply brief, Ada County conceded service upon Mr. Rich was sufficient. (Reply Brief at 2, Dkt. 23.) Therefore, the issue of defective service raised in both the Motion to Strike and the Motion to Dismiss is moot.

complaint are true (even if doubtful in fact)." *Id*. The complaint must plead "enough facts

to state a claim to relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 129 S.Ct. at 1949.

If either party submits materials outside the pleadings in support of or in

opposition to the motion, and the Court relies upon those materials, a motion to dismiss

under Rule 12(b)(6) must be converted to a motion for summary judgment. Fed. R. Civ.

P. 12(d); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). But if the court does

not rely upon the extra materials in rendering its decision, a Rule 12(b)(6) motion need

not be converted into a motion for summary judgment simply because matters outside the

pleading are introduced. *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th

Cir. 1997).

Both parties submitted affidavits and materials for the Court's consideration, upon

which the Court relied. Consequently, the Court will convert Ada County's motion to

dismiss to a motion for summary judgment under Rule 12(d) and Rule 56(c)(2).

Accordingly, the Court is not limited to the facts as set forth in the Complaint or in the

proposed Restated Amended Complaint, and will consider the pleadings in light of the

additional evidence submitted.

(2) ***Rule 56(c)(2)***

Motions for summary judgment are governed by Fed. R. Civ. P. 56(c)(2), which

provides, in pertinent part, that judgment "should be rendered if the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

A moving party may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [nonmoving] party to "rest on mere allegations or denials of his pleadings." *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

In determining whether a genuine issue of material fact exists, facts and inferences must be viewed most favorably to the non-moving party. To deny the motion, the court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981). The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992).

The Ninth Circuit has found that, to resist a motion for summary judgment, the non-moving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371,374 (9th Cir. 1989).

### B. Ada County's Motion to Dismiss

#### (1) *Arguments of the Parties Relating to Ross's Collective Action Claim*

In its Motion to Dismiss, Ada County argues that, while collective actions appear to be permitted under the ADEA, individuals that do not file a timely EEOC charge may opt-in to an existing ADEA case only by "piggybacking" onto a timely filed EEOC charge that conspicuously notified the employer that the charge was brought on behalf of others similarly situated to the complainant. Ada County contends that Ross's 2009 EEOC Notice of Right to Sue letter was based upon the 2007 Charge, which did not include notice of the collective nature of Ross's claims. Therefore, Ada County claims Ross cannot file on behalf of anyone other than himself.

Ada County argues further that Ross cannot rely upon the Amended 2005 Charge, which contained notice of collective action claims, to bootstrap the collective action claims upon the 2007 Charge, which contained no notice of the class nature of Ross's

claims. To allow so, Ada County reasons, Ross would be permitted to exceed the 90 day limitation period set forth in the May 22, 2006 EEOC Notice of Dismissal and Notice of Rights letter based upon the Amended 2005 Charge. Ada County argues that any complaint or collective action premised upon either the 2005 Charge or the Amended 2005 Charge is untimely.

Ross counters that he provided timely and sufficient notice that his discrimination claim was brought on behalf of other county employees who were similarly situated. Ross attempts to cure any deficiencies in the Complaint with a proposed Amended Complaint (Dkt. 22) and the proposed Restated Amended Complaint (Dkt. 35) that set forth additional facts establishing Ada County had notice of the collective nature of Ross's claims based upon the Amended 2005 Charge. Ross argues further that Ada County, throughout the EEOC investigation, had notice that Ross was bringing his claims on behalf of others similarly situated.

Ross contends also that he did not personally prepare the 2007 Charge, and thus should not be penalized for what government officials wrote in the formal notice provided to Ada County considering the Amended 2005 Charge previously contained allegations of collective action. In addition, Ross seeks to introduce the contents of the EEOC investigative file relating to the 2005 and 2007 Charges, which contains notes and letters Ross wrote, as well as letters, investigative notes, and memoranda prepared by Mark Lofstead, the EEOC investigator assigned to investigate Ross's charges of discrimination, to establish that the EEOC, and by extension Ada County, were on notice of the collective

nature of Ross's claims. (Ross Decl. Exs. 1, 4, 5, 6, 7, 9, Dkt. 27-1.) Ada County contends that it was unaware of the additional exhibits attached to the Ross Declaration (Dkt. 27-1), and argues the documents should be stricken from the record and not considered by the Court. (Mot. to Strike Ross Decl., Dkt. 30; Second Aff. of Raney, Dkt. 30-2.)

### (2) *Ross's Collective Action Claims Will Be Dismissed*

In the Complaint, proposed Amended Complaint, and proposed Restated Amended Complaint, Ross claims damages under the ADEA for age discrimination against himself and a class of workers aged forty or older employed by the Ada County Sheriff's Office. Class suits brought pursuant to the ADEA are specifically authorized by 29 U.S.C. § 216(b), which is incorporated by reference in 29 U.S.C. § 626(b). *Bean v. Crocker Nat'l Bank*, 600 F.2d 754, 759 n.12 (9th Cir. 1979).

The Ninth Circuit Court of Appeals held in *Bean* that the ADEA authorizes grievants who have complied with the notice of intent to sue requirements under 29 U.S.C. § 626(d)[6] to bring representative actions pursuant to 29 U.S.C. § 216(b) on behalf of "similarly situated" employees who may not have individually filed a notice of intent to sue with the EEOC. *Bean*, 600 F.2d at 759. The court explained that:

> [t]he ADEA's broad remedial purposes of prohibiting
> arbitrary age discrimination and of promoting the employment
> of older persons based on their ability rather than age are best
> served by an interpretation of 29 U.S.C. § 216(b) that permits

---

[6] 29 U.S.C. § 626(d) requires individuals to file a charge with the EEOC before they may commence a civil action under the ADEA. The EEOC is then tasked with notifying persons named in the charge and with promptly seeking to eliminate any alleged unlawful practice by informal methods. 29 U.S.C. § 626(d).

> similarly situated complainants to join in an action as
> unnamed parties so long as a named plaintiff has complied
> with the notice requirements of 29 U.S.C. § 626(d).

*Bean*, 600 F.2d at 759. Therefore, unnamed parties in a class action under the ADEA may join in the litigation, or "opt-in," without having personally complied with the notice requirements of 29 U.S.C. § 626(d). *Bean*, 600 F.2d at 760.

However, for an unnamed individual to opt-in, the notice submitted to the EEOC must alert the Secretary of Labor of possible ADEA violations that "encompass[] a pattern of unlawful conduct transcending an isolated individual claim" so as to give the Department of Labor the opportunity to mediate and conciliate informally the dispute between the employer and both the named and unnamed complainants before litigation commences. *Bean*, 600 F.2d at 760. If the notice to the EEOC does not express an intent to sue on behalf of anyone other than the complainant, the notice provision permitting others to opt-in is not served and the claims of those wishing to opt-in should be dismissed. *Naton v. Bank of Cal.*, 649 F.2d 691, 697 (9th Cir. 1981).

In *Bean*, the notice filed with the EEOC named several discharged bank employees and clearly stated it was filed on behalf of themselves and others similarly situated. *Bean*, 600 F.2d at 760. Accordingly, the court held that Bean, although not explicitly named in the notice of intent to sue submitted to the EEOC, should have been permitted to opt-in to the lawsuit because his inclusion as a member of the class did not compromise the purpose of the notice of intent to sue or prejudice the employer. *Id.* The purpose behind the opt-in procedure, the court explained, was to prevent wasteful and numerous

complaints from being filed and processed individually against one employer when one complaint submitted on behalf of all others similarly situated would serve the remedial goals of the ADEA. *Bean*, 600 F.2d at 760 n.15. In contrast, the opt-in plaintiffs in *Naton* were properly dismissed because Naton's notice of intent to sue did not evidence an intent that Plaintiff was bringing an action on behalf of himself and others similarly situated. *Naton*, 649 F.2d at 697.

In this case, Ross concedes that the 2007 Charge does not explicitly contain any notice of the collective nature of Ross's claims. Ross's initial position was that the notice of collective action in the Amended 2005 Charge was sufficient to overcome the lack of such notice in the 2007 Charge. But at the hearing, Ross acknowledged that the failure to file suit within ninety days after receipt of the Notice of Rights letter based upon the Amended 2005 Charge was fatal to his claim that he could rely upon the collective action allegations therein to support the collective claims arising out of the 2007 Charge.

The Court appreciates Ross's concession. Allowing Ross to rely upon the Amended 2005 Charge to assert collective claims in this lawsuit, which is premised upon the 2007 Charge that did not assert collective claims, would result in circumvention of the 90 day limitations period inherent in the ADEA, and impermissibly extend the single filing, or piggybacking, rule. The ADEA, 29 U.S.C. § 626(e), requires a claimant to bring a civil action within 90 days after receipt of a right-to-sue letter from the EEOC. The 90 day requirement is mandatory and jurisdictional, and a failure to file suit within the 90 day time period causes any suit based upon the charge to be time barred. *Mitchell v. Los*

*Angeles Community College Dist.*, 861 F.2d 198, 202 (9th Cir. 1988).

The Dismissal and Notice of Rights letter the EEOC issued to Ross on May 22, 2006, referencing the Amended 2005 Charge, clearly stated that any lawsuit "must be filed within 90 days of your receipt of this Notice; or your right to sue <u>based on this charge</u> will be lost." (Aff. of Petty Ex. C, Dkt. 23-1.) (emphasis added). The notice itself, as well as the statutory authority, indicates that the right to sue based upon the Amended 2005 Charge would be foreclosed if no suit was brought within ninety days. Ross did not file a civil action based upon the Amended 2005 Charge. The right to sue based upon the Amended 2005 Charge is barred and Ross may not reference it to cure the lack of notice of his collective action claims in the 2007 Charge.

Nevertheless, Ross is not absolutely foreclosed from asserting class claims despite the lack of notice in the 2007 Charge. Under certain circumstances, equitable considerations may allow claimants to bring claims not listed in an EEOC charge. A claim that is not asserted in the charge filed with the EEOC may be asserted in a civil case if "that claim fell within the scope of the EEOC's *actual* investigation or an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).[7] *See also Paige v. State of California*, 102 F.3d 1035, 1041–42 (9th Cir. 1996) (holding that a

---

[7] The question whether a civil complaint impermissibly exceeds the scope of the agency charges is generally a jurisdictional issue when claimants include additional claims not asserted in the agency charge. *See Farmer Bros. Co.*, 31 F.3d at 898–99 (considering whether the court had subject matter jurisdiction over the plaintiff's allegations of discriminatory layoff when the charges filed with the EEOC alleged discriminatory failure to recall and rehire).

charge not explicitly raising class claims could support a class action provided the EEOC's investigation of class discrimination on the basis of race could reasonably be expected to "grow out of" the allegations in the charges). The court is required to construe the EEOC charge "with the utmost liberality." *Farmer Bros. Co.*, 31 F.3d at 899. To determine whether the application of equitable considerations apply, the court must examine the facts of the case on an individualized basis. *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 188(9th Cir. 1990).

To make the determination, the court should examine the complaint submitted to the investigative agency, any supporting materials submitted to the investigating agency, and the nature of the claims themselves, and determine whether the allegations in the civil complaint either fell within the actual scope of the EEOC investigation, or within the general scope of the EEOC charge. *Paige*, 102 F.3d at 1042 (instructing courts to review the administrative agency complaint); *Farmer Bros. Co.*, 31 F.3d at 899 (examining the plaintiff's claim submitted to the EEOC and the scope of the actual investigation based upon the plaintiff's complaint); *Cf. Holowecki v. Federal Express Corp.*, 440 F.3d 558, 567 (2nd Cir. 2006) (finding complainant's intake questionnaire fulfilled the requirements of a charge when the EEOC failed to follow through with its responsibilities).

In the instant case, Ross submitted to the Court the materials he filed with the EEOC, arguing that the EEOC was aware of the class nature of his claims. (*See* Decl. of Ross, Dkt. 27.) Ada County moved to strike both the declaration and the materials submitted in support of the declaration, with the exception of the 2005 Charge, the

Amended 2005 Charge, and the 2007 Charge, which Ada County contended was the only documentary evidence the Court could consider. The Court disagrees, in part, with Ada County's position.

To determine whether the EEOC fulfilled its obligations, the Court necessarily must examine the scope of the complaint Ross submitted. *See Albano*, 912 F.2d at 388 (finding that the plaintiff was not foreclosed from bringing an additional claim when the EEOC was aware of the claim, and the EEOC failed to properly process the charge). If the EEOC was aware of the class-wide scope of Ross's claims, or the collective nature of the claims could reasonably be said to "grow out of" the nature of the charges, then under *Paige*, Ross may assert those claims. However, based upon its earlier determination that the claims made in support of the 2005 Charge are time-barred, the Court finds that its review is limited to the materials submitted to the EEOC in support of the 2007 Charge. Consequently, Ada County's second Motion to Strike (Dkt. 30) is denied in part.

The Court reviewed Exhibits 5–9, consisting of an intake questionnaire dated January 4, 2007, a letter submitted to the EEOC on January 20, 2007, a telephone intake interview conducted on March 14, 2007, the 2007 Charge signed and dated by Ross on March 19, 2007, and the investigative memorandum prepared by Mark Lofstead on or about August 18, 2008. (Decl. of Ross Exs. 5–9, Dkt. 27-1.) Ada County submitted no additional evidence disputing the nature of the claims made within the exhibits. In his submissions, Ross stated that there was an atmosphere within the workplace that older, higher paid officers should be "weeded out," but Ross did not allude to discriminatory

acts on a wide spread scale committed against all older workers employed by Ada County. Rather, Ross's allegations centered around his termination from employment and its timing, which occurred after Ada County had received the Amended 2005 Charge.

In this case, equitable considerations do not excuse Ross's failure to include notice of the class-wide nature of his claims in the 2007 Charge. During its investigation, the EEOC found that younger workers who had committed more egregious acts than Ross committed allegedly had not been discharged from employment. The EEOC also found that Ross suffered adverse employment actions, including his discharge, after the EEOC investigated the 2005 Charge. But the investigation did not reveal any wide spread policy in place to eliminate older workers, such as a discriminatory layoff policy, or that older workers other than Ross were similarly discharged from employment. Neither the allegations in the 2007 Charge nor the investigation that actually grew out of the 2007 Charge put Ada County on notice that Ross intended to file a class action complaint based upon his alleged wrongful discharge from employment.

The Court's findings are in contrast to the facts in *Paige*, but consistent with its holding. In *Paige*, the court permitted the plaintiff to allege class-wide claims despite failing to provide notice in the formal charge filed with the EEOC. In that case, an African-American lieutenant in the California state highway patrol complained of disparate treatment on account of his race. The plaintiff alleged that the examination determining eligibility for promotion was biased and discriminatory. The formal charge, however, did not raise class claims. The court found the defendant was adequately

informed that the plaintiff's initial complaint concerned an entire class of workers, because the charge concerned the application process applicable to all employees' eligibility for promotion, and was therefore not limited to an isolated act by one individual against another. *Paige*, 102 F.3d at 1042. Therefore, the court held that the plaintiff would be permitted to assert class-wide claims because a class-based investigation could "reasonably be expected to grow out of the allegations that the examination process used by the CHP for promotion was inherently biased against blacks." *Paige*, 102 F.3d at 1042. *See also Farmer Bros. Co.*, 31 F.3d 899 (discussing allegations raised by female employee about a discriminatory gender-based layoff and rehiring scheme and finding claims not raised in the charge fell within the scope of the EEOC's actual investigation).

In contrast, even if the Court examines Ross's 2007 Charge and the resulting investigation in the abstract, and construes both liberally in Ross's favor, it is plain that an EEOC investigation of class discrimination on the basis of age could not reasonably be expected to grow out of the allegations in Ross's 2007 Charge. Ross alleged that he was treated unfairly after submitting a complaint to the EEOC in 2005. Ross's complaint to the EEOC in 2007 concerned his individual treatment and eventual discharge, and was limited to acts of discrimination and/or retaliation against him during a period after the amended 2005 Charge. Ross alleged that the normal practices for promotion, raises, and disciplinary action after alleged misconduct on the job were deviated from only with respect to him, and did not allege any pattern or policy of widespread age discrimination

resulting from the administration of Ada County's procedures, in contrast to the allegations in *Paige*. Ross did not complain about any formal policy, class-based layoff, or other employment practice that had the effect of a disparate impact against older workers. Thus, it cannot be said that an investigation of class claims could reasonably have been expected to result from Ross's 2007 Charge, and a class action is not permissible.

Therefore, as a matter of law, Ross may not allege collective action claims on behalf of himself and others similarly situated based upon the 2007 Charge. He is limited to his individual claims of discrimination. Consequently, Ross's collective action claim in the Complaint will be dismissed, and Ross may not assert such claims on behalf of others as proposed in Count I of the Restated Amended Complaint.

Nevertheless, the parties do not dispute that Egge's collective action claims were conspicuously noted in the Egge Charge, and Ada County conceded that Egge, if he were a plaintiff, may bring class claims. Ada County does not argue that Ross is entirely foreclosed from filing the proposed Restated Amended Complaint. Rather, Ada County contends Egge may not be added as an additional plaintiff and Ross cannot opt-in to Egge's collective action claims. These two remaining issues are therefore appropriately discussed in the context of Ross's Motion for leave to file the proposed Restated Amended Complaint, which purports to add the individual claims of Curtis Egge and retain the class-wide nature of the allegations asserting a wide-spread but unwritten policy of age discrimination within the Ada County Sheriff's Office based upon the Egge

Charge. (Dkt. 35.)

### C. Plaintiff's Motion for Leave to File Restated Amended Complaint

Ada County argues first that Egge's suit is untimely, and even if timely, Rule 15 would not permit Ross to add Egge or his claims. Alternatively, Ada County contends that Egge may not become a plaintiff because he did not request to intervene pursuant to Rule 24. Second, Ada County believes Egge's participation will cause significant delay and prejudice to Ada County's defense against Ross's allegations, considering this case is well underway, Egge's claims are significantly different, and Egge's claims pertain to a later time period than Ross's claims. Finally, as to Ross's ability to piggyback or opt-in to Egge's collective action claims, Ada County contends that the rule allowing non-filers to "opt-in" does not apply in this case because Ross filed his own charge with the EEOC, and Ross's discriminatory treatment falls outside the scope of the "look back" period for those wishing to opt-in.

Ross did not file a reply brief. The Court will address each of Ada County's arguments in turn.

#### (1) *Untimeliness*

29 U.S.C. § 626(d)(1) prohibits individuals from commencing a civil action until sixty days after a charge alleging unlawful discrimination has been filed with the EEOC. Ada County contends the requisite sixty days have not passed, because Egge filed his charge on May 17, 2010, and the motion to file the proposed Restated Amended Complaint was filed less than sixty days later on June 18, 2010. (Response at 7, Dkt. 37.)

Ada County has not met its burden of establishing Egge's suit is untimely.

The evidence in the record indicates Egge submitted his intake questionnaire to the EEOC on April 2, 2010. (Mot., Attach. 1, Ex. E, Dkt. 35-1.) The proposed Restated Amended Complaint states "it has been more than 60 days since Plaintiff Egge filed his charge of discrimination with the EEOC." (Mot., Attach. 1, Dkt. 35-1.) Ada County has not provided evidentiary support for its assertion the Egge Charge was filed on May 17, 2010. The only evidence in the record establishes that Egge contacted the EEOC on or about April 2, 2010, more than sixty days before filing the motion to file the proposed Restated Amended Complaint.

Moreover, even if Egge had filed his Charge on May 17, 2010, Egge has not yet filed suit against Ada County. The Court has before it a motion under Rule 15 to add Egge as a party. But Egge is not a named party unless and until the Court grants the motion. The date of this opinion is greater than sixty days from May 17, 2010, and therefore Egge is not prohibited from filing suit under 29 U.S.C. § 626(d)(1).

### (2) *Rules 15 and 24*

Ada County next asserts that Rule 15 would not permit litigants to add a party to an action, and Egge has failed to comply with Rule 24, otherwise allowing intervention. Ada County addressed Fed. R. Civ. P. 15(c), which governs the Court's consideration of adding new claims or defenses, but failed to address Fed. R. Civ. P. 15(d) in response to Ross's motion.

Rule 15(d) allows the court, on just terms, to "permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) is intended to give the Court broad discretion in allowing supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). It is a tool of judicial economy and convenience, and its use is therefore favored. *Keith*, 858 F.2d at 473. "The Supreme Court has stated that new claims, new parties, and events occurring after the original action are all properly permitted under Fed. R. Civ. P. 15(d)." *Id.* (citing *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964)). Rule 15(d) thus encompasses the addition of new plaintiffs. Although Ross's motion is not styled as a motion under Rule 15(d), Ross is permitted to file the motion seeking to add Egge as a party. *See Keith*, 858 F.2d at 476 (allowing plaintiffs to add an additional plaintiff to the action).

(3) *Delay and Prejudice*

Nevertheless, Rule 15(d) requires the Court to consider Ada County's argument that Egge's addition as a plaintiff will cause prejudice to the defendant. Absent a showing of prejudice, the court is instructed to liberally construe Rule 15(d). *Keith*, 858 F.2d at 475. Factors to consider are whether a relationship exists between the newly alleged matters and the subject of the original action; whether a supplemental pleading will promote speedy disposition of the entire controversy and will not cause undue delay; and whether multiple suits will be avoided. *Id.* at 475–76.

Ada County advances several arguments in support of its claim that adding Egge will prejudice its defense. First, Ada County asserts that Egge only recently filed his

Charge, and it will take several years for the EEOC to complete its investigation resulting in significant delay to this case. However, 29 U.S.C. § 626(d) clearly allows individuals to commence a civil action at any time after the statutory sixty day waiting period. The EEOC is given sixty days as a conciliation period, not longer as Ada County suggests. *See Dempsey v. Pac. Bell Co.*, 789 F.2d 1451, 1452 (9th Cir. 1986) (discussing the purpose of the sixty day conciliation period). 29 U.S.C. § 626(d) does not require receipt of a right to sue notice as a prerequisite to filing suit, only that the EEOC be given sixty days to afford employers a pre-litigation opportunity to settle the dispute. *Dempsey*, 789 F.2d at 1452. Thus, Ada County's argument that the addition of Egge as a plaintiff will cause delay because of the EEOC investigation is without merit.

Next, Ada County contends that the motion should be denied because Ross's and Egge's claims are significantly different. On the one hand, Ross alleges retaliation while Egge alleges discriminatory treatment on account of his age. The conduct complained of occurred three years apart, involved different departments, different supervisors, and different chains of command. If Ross's motion is denied, Egge presumably will file a separate lawsuit against Ada County.

Despite the allegations of prejudice, the Court finds that the proposed Restated Amended Complaint to include Egge's claims should be allowed under Rule 15(d). The Rule does not require that the new claims arise out of the same transaction or occurrence, only that "some relationship" be present between the newly alleged matters and the subject of the original action. *Keith*, 858 F.2d at 473. Both Plaintiffs allege age

discrimination. Both Plaintiffs allege that Ada County had an unwritten pattern or practice to terminate the employment of older workers utilizing systematic poor performance reviews, more severe discipline for minor policy infractions, and unfavorable transfers. Plaintiffs allege that, pursuant to Ada County's pattern or practice, their employment was terminated.

While the two claims involve incidents that occurred years apart, that fact should not increase the cost or complexity of the litigation. It would be no different than having to defend against two separate lawsuits. If the litigation proceeds, the Court has the discretion under Fed. R. Civ. P. 42(b) to order separate trials "for convenience, to avoid prejudice, or to expedite and economize." But the Court is not persuaded that a separate lawsuit is necessary to avoid Ada County's claims of prejudice given the liberal provisions of Rule 15(d). Because the Court finds Egge may be added as a plaintiff under Rule 15(d), it need not consider Ada County's other argument under Rule 24.

(4) *Ross Cannot Opt-In to Egge's Class Claims*

Having concluded that Ross may file his proposed Restated Amended Complaint and add Egge as a plaintiff with Egge's individual and class claims provided Ross's collective action claims are eliminated, the final issue is whether Ross can piggyback or opt-in to Egge's class wide claims. The Court determines Ross cannot do so.

The single-filing rule permits a plaintiff "who has *not* filed an individual EEOC charge" to invoke the single-filing rule, but the converse is not true. *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997) (following the reasoning of the

Eighth and Fifth Circuits). Therefore, when a plaintiff has filed his own EEOC charge, that plaintiff may not rely upon another claimant's charge and is limited to relying upon his own EEOC charge. *Gitlitz*, 129 F.3d at 558. Ross filed his own charge in 2007, and may not piggyback on Egge's charge of class wide discrimination.

Furthermore, the class that may opt-in to Egge's claim is limited in scope. 29 U.S.C. § 626(d) requires individuals to file a charge with the EEOC within 180 days, or 300 days if the state is a deferral state, of the alleged wrongful conduct.[8] The purpose of the filing requirement is to give the employer notice of the claims against it. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1220 (11th Cir. 2001). If piggybacking plaintiffs were not limited in temporal scope, the lack of a limit would cause claims outside of the limitations period to be revived. The Court therefore agrees with the reasoning in *Hipp* that the appropriate rearward scope of an ADEA opt-in action "should be limited to those plaintiffs who allege discriminatory treatment within 180 or 300 days before the representative charge is filed." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1220 (11th Cir. 2001).

In this case, Ross's termination from employment occurred 1,043 days prior to Egge's termination from employment. The alleged discriminatory conduct occurred outside of the 300 day limitations period, and Ross may not piggyback on Egge's class claims.

---

[8] Idaho is a deferral state with a fair employment agency, the Idaho Human Rights Commission, and therefore the 300 day statute of limitations period applies. 29 C.F.R. § 1601.80.

**CONCLUSION**

To summarize the Court's decision on the various motions, the Court concludes that there are no disputed issues of material fact and, as a matter of law, Ross may assert his individual claims of discrimination but may not assert collective action claims based upon the 2007 Charge. In reaching its determination, the Court considered Exhibits 5–9 of the Ross Declaration, Dkt. 27-1. Under Rule 15(d), Ross may supplement the Complaint to add Egge as a plaintiff with Egge's individual and class claims. But Ross may not join or otherwise opt-in to Egge's class wide claims of alleged age discrimination, because Ross filed his own charge and the acts of discrimination related to Ross do not fall within the applicable 300 day look-back period for opt-in plaintiffs. Ross may therefore amend and file the proposed Restated Amended Complaint consistent with the Court's decision herein.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that:**

1.      Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED IN PART AND DENIED IN PART** consistent with the Court's decision herein;

2.      Defendant's Motion to Strike (Dkt. 8) is **DENIED as MOOT**;

3.      Plaintiff's Motion to Amend Complaint (Dkt. 22) is **DENIED as MOOT**;

4.      Defendant's Second Motion to Strike (Dkt. 30) is **GRANTED IN PART AND DENIED IN PART** consistent with the Court's decision herein; and

5.      Plaintiff's Motion to File Restated Amended Complaint (Dkt. 35) is **GRANTED IN PART AND DENIED IN PART** consistent with the Court's decision herein. The proposed **Amended Complaint**, once revised consistent with the Court's decision herein, shall be filed **on or before August 16, 2010.**

6.      The parties are required to submit a proposed **Litigation Plan** with the Court **on or before August 16, 2010**. A notice of telephonic scheduling conference will be issued separately.

DATED: August 2, 2010

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge